# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| Marshall Spiegel, ) | | Bankruptcy No. 20 B 21625 |
| Debtor ) | | |
| _____ ) | | Chapter 11 |
| ) | | |
| Marshall Spiegel ) | | Judge Timothy A. Barnes |
| Plaintiff ) | | |
| v. ) | | Adv. No. |
| ) | | |
| Wintrust Bank, N.A. ) | | |
| Defendants ) | | |
| ) | | |

## **COMPLAINT FOR INJUNCTION**

Now comes the Plaintiff, Marshall Spiegel, by and through his attorney, David P. Lloyd, and complaining of the defendant Wintrust Bank, N.A., states as follows:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 USC 1334 (b) and (d) in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2. This complaint seeks extension of the automatic stay under 11 USC §362 an injunction against a creditor under 11 USC §105.

3. This complaint initiates a core proceeding pursuant to 28 USC§157(b)(2) (A) and (O).

4. Venue in this District is proper pursuant to 28 USC §1409(a).

### **FACTS COMMON TO ALL COUNTS**

5. Plaintiff is the Debtor in this bankruptcy case, having filed a voluntary Chapter 11 petition on December 16, 2020.

6. The Debtor has been operating his business and managing his financial affairs as debtor-

in-possession since the petition date. No trustee or examiner has been appointed.

7. On March 29, 2019, the Circuit Court of Cook County, Illinois, assessed sanctions against the Debtor in consolidated cases numbered 15 L 10817, 15 CH 18825, and 16 L 3564, and ordered the Debtor to pay a total of over $1 million in sanctions to litigants and their counsel, comprised of $501,320.08 to 1618 N. Sheridan Road Condominium Association (jointly payable to James & Marie Waite and William & Corinne McClintic); $360,964.00 to Valerie Hall; $174,388.89 to Michael C. Kim; and $25,000.00 to Duane Morris LLP (collectively, the "appellant creditors").

8. The Debtor appealed that decision to the Appellate Court of Illinois, First District. The Debtor obtained a stay of enforcement of the sanctions orders pending appeal by obtaining, as appellate bond, a letter of credit from Wintrust Bank, N.A., in favor of the appellant creditors, secured by certificates of deposit owned in whole or in part by the Debtor.

9. On December 3, 2020, the Appellate Court entered an order denying the appeal. The appellant creditors presented evidence of the Appellate Court's order to Wintrust Bank and made demand on the letter of credit.

10. On or about, or shortly after, the filing of this bankruptcy case, Wintrust Bank paid one or more of the appellant creditors on the letter of credit. Wintrust Bank has filed a proof of claim in the amount of $1,243,523.07.

11. The letter of credit is secured by four certificates of deposit, all on deposit at Wintrust Bank. The certificate with an account number ending -0642, in the face amount of $250,000, is owned solely by the Debtor. The certificate with an account number ending -2520, in the face amount of $500,000, is owned jointly by the Debtor and his son, Matthew Spiegel. The certificate with an account number ending -4178, in the face amount of $225,000, is owned

solely by the Debtor's son, Matthew Spiegel. The certificate with an account number ending -8763, in the face amount of $250,000, is owned solely by the Debtor's son.

12. The Debtor's primary source of income is rental income from a building at 1116-22 Greenleaf Avenue, Wilmette, Illinois. The building is owned an Illinois limited liability company known as 1116-22 Greenleaf Building LLC, of which the Debtor is a 0.1% owner and also manager. The Debtor's son, Matthew Spiegel, is the owner of 99.9% of the LLC, and is authorized to act as manager of the LLC.

13. Matthew Spiegel is active in the management of 1116-22 Greenleaf Building LLC and the 1116-22 Greenleaf Avenue building. Along with the Debtor, Matthew Spiegel oversees maintenance and repairs, corresponds with existing and prospective tenants, collects rents, and manages the financial affairs of the company.

14. Wintrust Bank has indicated that it desires to liquidate the two certificates of deposit owned by Matthew Spiegel as well as the one certificate of deposit owned jointly by the Debtor and Matthew Spiegel, and has filed a motion for relief from the automatic stay to allow it to liquidate all of the certificates of deposit it holds as collateral.

15. Matthew Spiegel will be limited in his ability to devote sufficient time, energy, and resources to the operation of 1116-22 Greenleaf Building LLC if he is forced to defend against liquidation efforts of Wintrust Bank.

16. If Matthew Spiegel is forced to turn over his certificates of deposit to Wintrust Bank, he will have claims against the estate, and his claim will not likely be paid in full in a Chapter 11 plan.

17. There will be imminent, irreparable harm to the estate and the Debtor's ability to reorganize if the collection efforts of Wintrust Bank are not enjoined.

18. The Debtor is continuing his operations and there is at least a reasonable likelihood of a

Document   Page 4 of 4

successful reorganization in this Chapter 11 case. The Debtor has prepared a plan of reorganization that will pay Wintrust Bank in full, with interest, on its secured claim.

19. If the collection efforts of Wintrust Bank are enjoined, Wintrust Bank will not suffer any material damage, as it retains possession of the certificates of deposit and its lien interest in the certificates of deposit are protected to the greatest extent under American law.

20. The Debtor has no adequate remedy at law.

21. No public interest would be adversely affected by granting the injunctive relief herein.

WHEREFORE the Debtor, Recom Inc., prays that all collection activities by Wintrust Bank against the certificates of deposit owned by Matthew Spiegel and pledged as collateral to secure the claim of Wintrust Bank against the estate be enjoined until confirmation of a plan, conversion, dismissal of the bankruptcy case, or further order of this Court, and for such other and further relief as this honorable Court may deem meet.

Respectfully submitted,
Marshall Spiegel

By:___/s/ David P. Lloyd_____
One of his attorneys

David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265