# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Marshall Spiegel, | ) | Bankruptcy No. 20 B 21625 |
|         Debtor | ) | |
| _____ | ) | Chapter 11 |
| | ) | |
| Marshall Spiegel | ) | Judge Timothy A. Barnes |
|         Plaintiff | ) | |
|     v. | ) | Adv. No. 21 A 00065 |
| | ) | |
| Wintrust Bank, N.A. | ) | |
|         Defendant | ) | |

## REPLY TO WINTRUST BANK, N.A.'S RESPONSE
## TO MOTION TO EXTEND INJUNCTION

NOW COMES the Plaintiff, Marshall Spiegel, by and through his attorneys, David P. Lloyd, Ltd., and, in reply to the Response of Wintrust Bank, N.A. ("Wintrust"), to his motion to extend injunction, states as follows:

At the initial hearing on Plaintiff's motion to extend the injunction previously entered by the Court, the Court defined the issue to be addressed at this point to be whether conditions have changed to require the termination of the injunction, and not whether the conditions present at the beginning were sufficient to enter the injunction. Plaintiff maintains that nothing has occurred to alter the reasons for enjoining Wintrust's enforcement of its lien against the certificates of deposit owned by the Debtor's son.

Wintrust is still secured by assets whose value is approximately the same as the debt owed by the Debtor. Wintrust has not argued to the contrary. Nor is there any suggestion that there is any risk of loss or diminution of value in the collateral, as the certificates of deposit are the obligations of Wintrust itself.

Wintrust's arguments are centered on the terms of the Debtor's proposed plan of

reorganization. Wintrust indicates that it would not accept the treatment of its claim as proposed by the plan, which is payment of the full amount of the claim over 30 years. This may well be; but of course the Bankruptcy Code provides for the confirmation of a plan over the objection of any creditor, and Wintrust has not pointed to any statutory or case authority to suggest that payment of a secured creditor over a 30-year period would not, under any circumstances, be approved. Creditors secured by valuable and stable collateral, such as real estate, are routinely paid over 30 years in confirmed Chapter 11 plans.

Wintrust also argues that the proposed plan is not confirmable because of cash flow issues. This is a confirmation issue and is premature. The Court has set the hearing on approval of the amended disclosure statement for October 4, 2021, and objections are due on September 27. If the disclosure statement is approved, or amended and approved, a confirmation hearing will follow some time thereafter. While Wintrust may be dissatisfied with its treatment under the plan, it has not pointed to any fatal flaw in the amended plan or amended disclosure statement with specificity. The reasons that existed at the beginning of this proceeding to enjoin Wintrust from liquidating its collaterl through confirmation have not changed, and as the Debtor has proceeded diligently, against strong headwinds, to move plan confirmation forward, the conditions for enjoining Wintrust continue to exist.

Wintrust's other arguments, that liquidation of collateral would have no bearing on the Debtor's plan, and that a stay would be contrary to the public interest, were raised in response to Plaintiff's original motion for preliminary injunction, and the Court addressed those issues. The Debtor's argument in reply would be the same, and the Court's decision should be the same.

The one factor that has changed is the relative certainty of the amount and validity of

Wintrust's claim. The Debtor has filed an objection to Wintrust's claim on the basis that the presentation, by the creditor beneficiaries of Wintrust's letter of credit, was flawed and non-conforming, and that, therefore, Wintrust's payment under the letter of credit was unauthorized by the letter of credit. If this objection is successful, Wintrust will not have a secured claim at all, and will not have legal grounds to liquidate the collateral. The Court should not allow Wintrust to liquidate its collateral while it is adequately protected by valueable and stable collateral, and not while its claim is contested and uncertain.

WHEREFORE Plaintiff prays that the Court extend the injunction against the Defendant, Wintrust Bank, N.A..

        Respectfully submitted,
        Marshall Spiegel

        By:___/s/ David P. Lloyd_____
            One of his attorneys

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265